UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

          v.                No. 14-CR-10201 (DJC)

ERIC MCPHAIL

**UNITED STATES' MOTION IN LIMINE
TO PRECLUDE DEFENDANT'S USE
OF MISLEADING CHALKS IN HIS OPENING STATEMENT**

The United States requests that the Court preclude the defendant from showing several chalks to the jury during counsel's opening statement. The proposed chalks, numbered 1-3 and 5-12 (Exhibit A hereto), either mischaracterize and partially state evidence or threaten to confuse the jury about the elements of the charged offenses.

**I.    Slide 1 – "ERIC McPHAIL DID NOT TRADE AMSC STOCK"**

The parties discussed this fact at the pre-trial conference when they argued the government's motion in limine on selective prosecution. All agreed that the fact that the defendant did not trade AMSC shares bears on whether he expected or received any benefit for tipping others, but also that the fact could not be used to suggest that the defendant has been unfairly singled out. There are, of course, other benefits that the defendant is alleged to have expected and received for tipping others. But the slide, which is the only one of defendant's slides that addresses what he did or did not do, places undue emphasis on this single fact and risks leaving the stark impression with the jury -- that will have not yet been instructed on the elements of the offenses -- that the government has to prove that the defendant did trade. The

defendant can be convicted of both counts without trading a single share, and he should not be allowed to insinuate otherwise.

## II.     Slides 7 through 10

These slides impermissibly characterize – and in some cases misstate – Exhibit 127A, which is an exchange of e-mails between the defendant and Angelo Santamaria on the day that Santamaria learns some particularly negative and non-public news about AMSC's largest customer.

For example, defendant's Slide 9 states:

"Santamaria explained to McPhail that he had lost $1 million to $2 million dollars today."

Exhibit 127A actually states, in pertinent part:

"Gotta keep reminding myself only health matters…. so what if I am about to lose $890,000 of after tax money….."

Defendant's Slide 10 similarly argues:

"McPhail wrote back to Santamaria asking him why he was having such a bad day if the AMSC stock price had not gone down," when Exhibit 127A actually states "How so? stock only down short money".

There is no objection to the defendant's showing Exhibit 127A to the jury in his opening, but a chalk that says what Exhibit 127A does not say is inappropriate. Moreover, defendant's characterizations are to his own benefit. The e-mail itself says what is says and will be evidence. The defendant's written characterizations of the e-mail should be reserved for closing.

**III.**     **Slides 2, 3, 5, 6, 11, and 12**

Each of these slides state conclusively what the defendant expects Santamaria will testify to, presumably on cross-examination. The evidence will contradict several of these assertions. For example, Slide 2 asserts that Santamaria had "no intent to give McPhail insider information," where the evidence will show that Santamaria disclosed non-public information to McPhail willingly but in confidence. An opening chalk is an inappropriate place for contested facts to be reduced to writing as if they were undisputed.

The United States accordingly requests that the Court limit the defendant's use of these chalks.

                                      Respectfully submitted,

                                      Carmen M. Ortiz
                                      United States Attorney

                                      By: /s/ *Seth B. Kosto*
                                      Andrew E. Lelling
                                      Seth B. Kosto
                                      Assistant U.S. Attorneys
                                      1 Courthouse Way
                                      Boston, MA  02210
                                      617-748-3177
                                      seth.kosto@usdoj.gov

Date:   June 7, 2015