UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Criminal Action |
| v. | No.  14-cr-10201-DJC |
| | |
| ERIC MCPHAIL | |

**MEMORANDUM IN SUPPORT OF
MOTION OF DOUGLAS CLAPP TO QUASH SUBPOENA**

Douglas Clapp, by his counsel, respectfully submits this memorandum of law in support of his motion ("Motion") to quash the subpoena (the "Subpoena") served on him by counsel for Defendant Eric McPhail ("Defendant") on the evening of Wednesday, June 10, 2015, and calling for his testimony at the trial in this matter.  As set forth below, Mr. Clapp has a valid Fifth Amendment privilege that he intends to assert with respect to all questions put to him by Defendant and by the Government.  This privilege has not been waived by his testimony during the investigation by the Securities and Exchange Commission ("SEC") – a completely separate proceeding.  As a result, Defendant has no right to call him as a witness.  For these reasons, and as set forth in more detail below, the Subpoena should be quashed.

**ARGUMENT**

**I.   Mr. Clapp Has a Valid Fifth Amendment Privilege that He Would Assert as to All Questions Put to Him.**

In the Indictment in this matter, the Government has treated Mr. Clapp as if he were an unindicted co-conspirator.  He is on a number of emails that the Government has likely introduced at trial.  Defendant's counsel has indicated that he intends to ask Mr. Clapp about

1

certain emails and any benefits or lack thereof provided to Defendant by Mr. Clapp. Any questioning by Defendant's counsel with respect to Mr. Clapp's dealings with the Defendant, particularly with respect to these emails and any benefits provided or not provided, would tend to incriminate Mr. Clapp.

Also, in the event that Mr. Clapp answers any questions from Defendant's counsel, even if on very narrow grounds, it would open him up to cross-examination by the Government and any questions by the Government on cross-examination would also tend to incriminate him. Indeed, one would expect that the Government would seek to ask questions designed to undermine Mr. Clapp's credibility by, among other things, attempting to tie him to the allegations against Defendant.

In discussions with undersigned counsel, the Government has indicated that it will not grant Mr. Clapp immunity if he were to testify. As a result, Mr. Clapp has a valid Fifth Amendment privilege and if called to testify, he would assert it as to all questions put to him.

**II.     Mr. Clapp Has Not Waived His Fifth Amendment Privilege.**

Mr. Clapp expects that Defendant may argue that Mr. Clapp waived his Fifth Amendment privilege by providing testimony on June 3, 2014, under oath to the SEC staff in its separate investigation. However, it hardly bears mention that the SEC's civil investigation was a completely different proceeding than the current criminal one, involving entirely different parties and circumstances.

A testimonial waiver occurs only when a witness provides testimony voluntarily under oath ***in the same proceeding*** in which a party desires to compel the witness to testify (i.e., this trial). *See United States v. Cain,* 544 F.2d 1113, 1117 (1st Cir. 1976) ("It is hornbook law that

the waiver is limited to the particular proceeding in which the witness appears"); *United States v. Johnson*, 488 F.2d 1206, 1210 (1st Cir. 1973) (noting that any waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the witness volunteers the testimony and that a witness' "voluntary testimony [in] a . . .preliminary and separate proceeding . . . is therefore not a waiver for the main trial"); *United States v. Rivas–Macias*, 537 F.3d 1271, 1280 (10th Cir.2008) ("A witness' testimonial waiver of the privilege is only effective, however, if it occurs in the same proceeding in which a party desires to compel the witness to testify.").[1]  As this Court has noted, several courts have specifically held that civil deposition testimony does not waive the privilege for subsequent proceedings.  *See* Kirane, 622 F. Supp. at 265 (citing cases); *see also Goodman v. Mady*, 2005 WL 2417209, at *18 (E.D. Mich. Sept. 30. 2005) (prior testimony in CFTC civil case did not effect a testimonial waiver).

Further "[testimonial] waivers are not to be lightly inferred and courts should indulge every reasonable presumption against finding 'testimonial waiver.'" *Kirane,* 622 F. Supp. at 265 (citing *Emspak v. United States,* 349 U.S. 190, 198 (1955); *Smith v. United States*, 337 U.S. 137, 150 (1949).  Moreover, "[c]ourts should conclude that the privilege has been waived only in the most compelling of circumstances . . . ." *Id.* (citing *Klein v. Harris,* 667 F.2d 274 (2d Cir. 1981).

Given the strong presumption against finding testimonial waivers and the hornbook law that such waivers are limited to the same proceeding, the Court should confirm that Mr. Clapp has not waived his Fifth Amendment privilege.

---

[1] Indeed, a waiver of the privilege at one stage of even the same proceeding is not a waiver of that right for other stages. *Kirane v. City of Lowell*,  622 F. Supp. 262, 265 (D. Mass. 1985).

### III. Defendant Has No Right to Call Mr. Clapp as a Witness.

Because Mr. Clapp has a valid Fifth Amendment privilege and intends to assert it as to all questions put to him, Defendant has no right to call him as a witness. *See Johnson*, 488 F.2d at 1211. As the First Circuit has stated in similar circumstances:

> We find without merit the claim that [the defendant] had a right to have [the witness] called as a witness before the jury. If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him. Obviously, before excluding a witness, the court must first establish reliably that the witness will claim the privilege and the extent and validity of the claim. . . . While the loss of [the witness's] testimony was regrettable, it could not be compelled, and [the defendant] had no right to bring [the witness] before the jury solely to have him claim the Fifth Amendment.

*Id.* (citations omitted). Under the same reasoning and the circumstances of this case, Defendant has no right to call Mr. Clapp as a witness in this matter.[2]

---

[2] Also Mr. Clapp's testimony pursuant to the Subpoena is not necessary because Defendant has access to Mr. Clapp's SEC testimony on the topics upon which Defendant has indicated that it intends to question him. Due to Mr. Clapp's unavailability by reason of his assertion of privilege, Defendant may seek to introduce such relevant portions of that testimony in this proceeding. *See* Fed. R. Evid. 804(b)(1).

## CONCLUSION

For the foregoing reasons, the Motion should be granted, thereby quashing the Subpoena.

        DOUGLAS CLAPP
        By his attorney,


        /s/ Luke T. Cadigan              .
        Luke T. Cadigan
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, Massachusetts 02111
        (617) 261-3118
        Luke.Cadigan@KLGates.com

Dated:  June 11, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 11, 2015.

        /s/ Luke T. Cadigan              .
        Luke T. Cadigan